IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-HC-2168-D

MICHAEL W. HILL,  )
        Petitioner,  )
        v.  )       **ORDER**
WARDEN ELAINE CHAPMAN,  )
        Respondent.  )

Michael W. Hill ("petitioner"), a federal inmate at FMC-Butner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Warden Elaine Chapman ("respondent") filed a motion to dismiss, or in the alternative for summary judgment. Petitioner responded. As explained below, respondent's motion for summary judgment is granted, and the petition is dismissed.

I.

On September 7, 2007, petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, a District of Columbia Code offender, challenges his loss of good-time credits arising from a disciplinary proceeding which occurred while he was an inmate at the Federal Correctional Institution in Gilmer, West Virginia ("FCI-Gilmer"). Pet. Attach. B, at 2. Petitioner claims his constitutional rights were violated for the following reasons: (1) a witness considered by the Disciplinary Hearing Officer ("DHO") was not an eyewitness, and therefore provided hearsay testimony; (2) the chain of custody was not established on the evidence; (3) the DHO's guilty finding was not based on the greater weight of the evidence; (4) the DHO was "partial, capricious and retaliatory toward petitioner;" (5) the DHO failed to consider all the evidence presented; (6) the forfeiture of 400 good-time days was not in accordance with the "promulgated rules;" and (7) the

DHO and warden forfeited vested good-time credit, which is prohibited. Pet. ¶ 9. Petitioner seeks restoration of his good-time credit. Pet. Attach. A, at 13.

II.

On January 16, 2006, petitioner provided a urine sample. Resp't's Mem. in Supp. of Mot. to Dismiss or, in the Alternative, for Summ. J. [hereinafter "Resp't Mem."] Ex. B, at 1. Petitioner's urine sample tested positive for barbiturates and phenobarbital. Id. A review of petitioner's medical records revealed that petitioner had not been prescribed any medication which would cause a positive result for barbiturates or phenobarbital. Id.

The matter was investigated. See id. at 3. Petitioner was given a copy of the incident report, but denied taking any medicine that was not prescribed for him. See id. The matter was referred to the Unit Disciplinary Committee and then to the DHO. See id. at 2–3.

On January 25, 2006, petitioner was advised of his rights. Resp't Mem. Ex. C, at 1. On January 26, 2006, he was given a notice of a disciplinary hearing before the DHO. Id. at 2. Petitioner waived his right to have a staff representative, but he requested to call two witnesses. Id.

On February 1, 2006, the DHO convened the hearing. Resp't Mem. Ex. D, at 1. The DHO considered the testimony from plaintiff's witnesses R. Dye, a pharmacist, and inmate Ronnie Mullins as well as the incident report, petitioner's statement, the Chain of Custody for Drug Analysis form, the National Toxicology Laboratories Lab Report, and memoranda from E. Maida, a staff physicians' assistant. See Resp't Mem. Ex. D, at 1–2. The DHO found that petitioner violated Disciplinary Policy Code 112 by using narcotics not prescribed by the medical staff. Id. at 3. The DHO sanctioned petitioner to 60 days' disciplinary segregation, forfeiture of 400 days' statutory good-time credit, and loss of visits for 6 months followed by 6 months' immediate-family-only visits. Id. Petitioner received a written copy of the DHO's decision. Id. at 4.

2

On February 24, 2006, petitioner appealed the DHO's decision to the Mid-Atlantic Regional Office ("the Regional Office"). See Resp't Mem. Ex. E. The Regional Office remanded the case for rehearing to consider additional witnesses. See id. On July 19, 2006, a staff pharmacist, a staff nurse, a psychologist, and an inmate testified at the rehearing. See Resp't Mem. Ex. F, at 2–5. After considering the evidence, the DHO again found that petitioner violated Inmate Disciplinary Policy Code 112. See id. Petitioner was sanctioned with forfeiture of 400 days' statutory good-time credit and loss of visits for one month (as opposed to six months in previous order), followed by six months of immediate-family-only visits. See id. at 5. Petitioner's administrative appeals were denied. See Resp't Mem. Ex. G.

III.

Respondent seeks summary judgment. Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e); emphasis removed). A trial court reviewing a summary judgment motion should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. Matsushita, 475 U.S. at 588.

3

IV.

A.

When the loss of good-time credit is at issue, an inmate is entitled: (1) to written notice of the charges at least twenty-four hours in advance of the hearing; (2) to a written statement by the factfinder as to the evidence relied on and reasons for the disciplinary action; and (3) to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. See, e.g., Wolff v. McDonnell, 418 U.S. 539, 563–66 (1974). To comport with due process, DHO findings revoking a prisoner's good-time credit must be supported by "some evidence in the record." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454–56 (1985). Federal courts, however, will not review the accuracy of the DHO's fact finding de novo or for clear error. See Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990). Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [DHO]." Id. (quotation omitted).

Petitioner essentially challenges the sufficiency of the evidence that the DHO considered in finding that he violated the disciplinary code. The DHO relied on documentary evidence and the testimony of the four witnesses petitioner requested. This evidence satisfies the "some evidence" standard. See, e.g., Hill, 472 U.S. at 454–56; Baker, 904 F.2d at 932.

To the extent petitioner argues that the disciplinary proceedings failed to comply with Wolff, that claim also fails. Petitioner received advance written notice of the disciplinary charges on January 25, 2006. He was allowed to call witnesses and he received a written statement by the DHO of the evidence relied on and the reasons for the disciplinary action. The rehearing process also complied with due process. Accordingly, the court rejects petitioner's claim that his due process rights were violated in the disciplinary proceedings.

4

B.

Petitioner contends that he was sentenced under the District of Columbia Good Time Credit Act of 1986 ("GTCA") and is therefore entitled to receive good-time credit under the GTCA. Pet. Attach. A, at 11. He claims the 400 good-time credits were not forfeited according to D.C. Code § 24-430, which is part of the GTCA. See Pet'r's Resp. in Opp'n to Resp't's Mot. to Dismiss, Alternatively for Summ. J. 12–15 [hereinafter "Pet'r Resp."].

The court disagrees that the GTCA applies in determining whether petitioner's good-time credit is forfeited. "For D.C. Code offenders in BOP facilities, discipline hearings, or considerations for restoration, are conducted under the provisions of the BOP program statement on Inmate Discipline and Special Housing Units [PS 5270.07]." Federal Bureau of Prisons Program Statement 5880.32, Chap. 11, p. 5, available at http://www.bop.gov/DataSource/execute/dsPolicyLoc (last visited July 7, 2008) [hereinafter "PS"]. Further, governing BOP regulations state, "[I]t is necessary for institution authorities to impose discipline on those inmates whose behavior is not in compliance with Bureau of Prisons rules. The provisions of this rule apply to all persons committed to the care, custody, and control (direct or constructive) of the Bureau of Prisons." 28 C.F.R. § 541.10(a); see also PS 5270.07, Chap. 1, p. 1. Forfeiture or withholding of good-time credit is an authorized sanction for certain disciplinary violations. See 28 C.F.R. § 541.13. Pursuant to section 541.13, the following are available for disciplining an inmate who violates the rule against narcotics use: (1) recommendation of a parole date rescission or retardation; (2) forfeiture of up to 100% of earned statutory good-time credit; (3) termination or disallowance of extra good-time credit available for the year; (4) recommendation of a disciplinary transfer; (5) disciplinary segregation for up to 60 days; (6) monetary restitution; (7) withholding of statutory good-time credit; and (8) loss of privileges. 28 C.F.R. § 541.13(a)(1) & (f).

5

The DHO found that petitioner violated Inmate Disciplinary Policy Code 112 by using narcotics not prescribed by the medical staff. See 28 C.F.R. § 541.13(f). This offense is in the "Greatest Category" for which the sanctions include forfeiture of earned statutory good-time or non-vested good conduct time (up to 100 %) and/or termination or disallowance of extra good-time credit. Id. Thus, the forfeiture of 400 days of statutory good-time credit was within the permissible range of sanctions.

C.

Finally, petitioner claims that his good-time credit is vested and could only be forfeited in accordance with rules promulgated by the Mayor of the District of Columbia pursuant to D.C. Code § 24-430. See Pet'r Resp. 12–15. Petitioner refers to various exhibits in a separate declaration and to various statutes (including 18 U.S.C. § 3624(b)) to support his claim that his statutory good-time credits are vested. Cf. Moss v. Clark, 886 F.2d 686, 689 n.3 (4th Cir. 1989). Notably, 18 U.S.C. § 3624(b)(2) provides that "notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act [April 1996] shall vest on the date the prisoner is released from custody." 18 U.S.C. § 3624(b)(2). Thus, any credits earned after the enactment of the Prison Litigation Reform Act were not vested and were therefore subject to forfeiture. In addition, 18 U.S.C. § 4162, portions of which petitioner highlighted in one of his exhibits, does not apply to petitioner because it was repealed effective November 1, 1987, which is years before petitioner was convicted and sentenced. See 18 U.S.C. §§ 4161 et seq. (repealed); see also Moss, 886 F.2d at 689 n.3. Further, although another of petitioner's exhibits refers to extra good-time credit and claims that such credit was vested and may not be forfeited, petitioner has not shown that any of his good-time credit is extra good-time credit. Accordingly, petitioner is not entitled to relief.

6

V.

As explained above, the court finds that petitioner fails to establish that he is in custody in violation of the Constitution or the laws of the United States. Accordingly, respondent's motion for summary judgment [D.E. 6] is GRANTED, and the petition for a writ of habeas corpus is DISMISSED.

SO ORDERED. This _8_ day of July 2008.

JAMES C. DEVER III
United States District Judge